NOT DESIGNATED FOR PUBLICATION

Nos. 121,830
121,831

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH T. MCMILLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed December 18, 2020. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Joseph T. McMiller asks us in this consolidated appeal to reverse the district court's order revoking his probation in two felony cases. He claims an abuse of discretion. Our review of the record reveals that after four prior revocations of his probation, the court decided to order McMiller to serve his prison sentences. The circumstances of these cases show no abuse of discretion by the court. Thus, we affirm.

1

After reaching a plea agreement with the State, McMiller pleaded guilty in case No. 17-CR-3201 to possession of methamphetamine, felony theft, and misdemeanor possession of marijuana. In case No. 18-CR-0615, McMiller pleaded guilty to felony fleeing or attempting to elude an officer and felony theft. In exchange for his guilty pleas, the State agreed to dismiss all remaining charges and recommend to the court that it impose a dispositional departure sentence to probation.

The court sentenced McMiller to 42 months' imprisonment in case No. 17-CR-3201 and 15 months' imprisonment in case No. 18-CR-0615. The sentences are consecutive. The court granted McMiller's request for a dispositional departure and placed him on probation for 12 months. As a condition of the probation, the court ordered McMiller to resolve an outstanding warrant in an Oklahoma case. The district court also ordered McMiller to begin outpatient drug and alcohol treatment.

A series of motions to revoke McMiller's probation followed. We offer details of his probation history to show the efforts made by the court to keep McMiller on probation and out of prison.

When he tested positive for methamphetamine and marijuana, McMiller waived his right to a hearing and accepted a 48-hour jail sanction. After that, when he again tested positive for methamphetamine and alcohol, he waived his right to a hearing and accepted another 48-hour jail sanction.

After this second positive test, the court modified the conditions of McMiller's probation and ordered him to successfully enter and complete the Community Corrections Residential Program when ordered to do so by his supervising officer. McMiller again waived his right to a hearing and agreed to a 72-hour jail sanction after he violated his probation by possessing or consuming drugs or alcohol.

Next, the court issued a warrant for his arrest after the State alleged six more probation violations. The State claimed McMiller was not in his place of assignment four times, he failed to complete drug and alcohol treatment, and failed to resolve his outstanding warrant in Oklahoma.

The court held an August 7, 2019 hearing on the State's allegations. At the hearing, McMiller waived his right to an evidentiary hearing and admitted the allegations. The court explained that a fourth quick dip jail sanction was recommended and approved by the district court, but McMiller refused to agree to the sanction because he wanted to return to a sober living facility instead of the Community Corrections Residential facility. While McMiller was in custody, Oklahoma officials placed a criminal hold on him, and the district court learned that McMiller was no longer eligible for the Community Corrections Residential Program because of the out-of-state hold. Community Corrections then recommended that McMiller "resolve his obligations in Oklahoma then return to Sedgwick County to be placed on EMD for a minimum of 30 days and complete the Residential Program with a twelve-month extension of probation."

At this point, the State asked the court to revoke McMiller's probation and order him to serve his prison sentence. However, McMiller disagreed with the State and gave further explanations for the alleged violations, including that Community Corrections would not let him go to Oklahoma to resolve that issue. The court then scheduled an August 14, 2019 dispositional hearing to address the remaining issues.

When the court reviewed its options at the dispositional hearing, the court pointed out that a fourth quick dip sanction was not possible since Oklahoma officials had placed a hold on McMiller. The court then noted that it had granted dispositional departures in both cases. At this point, the court decided McMiller was exploiting the program rules by not being in his place of assignment several times. With that, the court revoked McMiller's probation and imposed the prison sentences in both cases.

3

In this appeal, McMiller presents two arguments. First, he contends in both cases that the court abused its discretion when it revoked his probation. Next, he argues the court failed to consider his personal circumstances, such as his great need for drug treatment and the significant progress he made while on probation when it decided to send him to prison. We will address those issues in that order.

The law is well established that after evidence of a probation violation is presented, the decision to revoke the probation is reviewed for an abuse of discretion. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if:

- It is arbitrary, fanciful, or unreasonable;
- it is based on an error of law; or
- it is based on an error of fact.

*State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

McMiller has the burden to show an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). McMiller does not argue that the district court's decision was based on an error of law or fact; he only argues that the decision to revoke his probation was unreasonable.

McMiller argues that the district court was mistaken when it concluded that the detainer from Oklahoma somehow tied the court's hands and made probation unworkable. While it is true the district court was concerned with the time McMiller would have to spend in Oklahoma, its concerns surrounding the outstanding Oklahoma case are reasonable. At the hearing, the court learned that the charges in Oklahoma were serious felonies. The State advised the court that the charges included: felony possession of a firearm by a felon; felony falsely impersonating another to create liability; felony unauthorized use of a vehicle; felony introduction of contraband, weapons, drugs into a penal institution; and other charges.

4

But we note that the court's concerns about the Oklahoma case were only part of the reasons why it revoked McMiller's probation. He also had four out-of-place assignment violations. The court was not satisfied with McMiller's explanation about why he was over three hours late on one occasion.

Frankly, with this record, McMiller has failed to show an abuse of discretion. We cannot say that no reasonable person would rule as the judge did here.

Turning to the second argument, we disagree with McMiller's claim that the court did not consider his personal circumstances when it revoked his probation in both cases. Three points explain our holding on this contention.

First, the court considered McMiller's individual circumstances. When making its decision, the court stated the violations it thought were the most serious. Specifically, that McMiller was already granted three quick dip sanctions, he was over three hours late on one of his out-of-place assignment violations, the unspecified amount of time he would have to spend in Oklahoma for those serious felony charges, and his probation resulted from a dispositional departure involving two separate felony cases.

Second, the court gave McMiller several opportunities to continue his drug and alcohol treatment. The court allowed McMiller to continue on probation after three previous probation violations. Under K.S.A. 2019 Supp. 22-3716(c)(7)(B), the court could have revoked McMiller's probation earlier, but chose not to. The court's final decision makes clear that it believed McMiller was taking advantage of the rules of the Community Corrections Residential treatment facility.

Third, McMiller's argument about completing goals while on probation is undercut because his first three probation violations were for drug and alcohol use. Obviously, the

court no longer believed that McMiller was sufficiently benefitting from Community Corrections Residential treatment after his most recent probation violations.

Because McMiller has failed to show an abuse of discretion, we affirm the court's revocation of his probation in both cases.

Affirmed.